## LOCAL UNION 3074, DISTRICT 15, UNITED STEEL WORKERS

### v.

### Henry SHORE, Regional Director, National Labor Relations Board and United States Steel Corp.

### Civ. A. No. 74–865.

United States District Court,
W. D. Pennsylvania.

Jan. 14, 1974.

Charles S. Morrow, Pittsburgh, Pa., James D. English, Asst. Gen. Counsel, United Steelworkers of America, Pittsburgh, Pa., for plaintiffs.

S. G. Clark, Jr., Pittsburgh, Pa., Abigail Cooley, Asst. Gen. Counsel for Special Litigation, N.L.R.B., Washington, D. C., Edward A. Grupp, Regional Atty.,

Region 6, N.L.R.B., Pittsburgh, Pa., for defendants.

## OPINION

GOURLEY, Senior District Judge:

This proceeding has been filed by plaintiff seeking an order directing the Regional Director of the National Labor Relations Board to recognize it as the bargaining unit for plant guards at the National and Christy Parks Works of defendant, United States Steel Corporation, and that the said United States Steel Corporation enter into a collective bargaining agreement with an appropriate representative of plaintiff. Motions to dismiss, or in the alternative, for summary judgment have been filed by defendants. The Court has considered the briefs and argument of counsel, and based thereon, it is the considered judgment of the Court that defendants' motions for summary judgment should be granted.

The facts giving rise to this complaint have all been stipulated and may be briefly summarized. Plaintiff is a Local Union composed entirely of plant guards and is affiliated with the United Steelworkers of America. The United Steelworkers of America is a labor organization within the meaning of the National Labor Relations Act, admitting to membership both guard and nonguard employees. The United Steelworkers of America has been certified by the National Labor Relations Board as the collective bargaining representative for plant guards at the Christy Park and National Works since November 6, 1943.

On July 31, 1974, Jack D. Geruschat filed a petition (Board Case No. 6–RD–478) with the Board on behalf of Local 3074, District 15, United Steelworkers of America, seeking decertification of the United Steelworkers of America as the bargaining representative of approximately 38 employees described therein as "watchmen, policemen and guards" at the United States Steel Corporation's National and Christy Park Works. At the time the petition was filed, the United Steelworkers of America and the defendant, United States Steel Corporations, were parties to a three-year collective bargaining agreement which, by its terms, was effective from August 1, 1971, through August 1, 1974. A new contract which was to become effective August 1, 1974, and to be in force through August 1, 1977, had been executed in May of 1974. In each of the respective contracts, the term "employee" is defined to include watchmen, policemen, and guards.

By letter of September 3, 1974, defendant, Regional Director, informed plaintiff that he was dismissing the petition for decertification because the petition had been filed during the sixty-day period immediately preceding the expiration date of the contract between the United States Steel Corporation and the United Steelworkers of America. The letter also informed plaintiff that an appeal from the dismissal could be taken to the Board and contained complete instructions therefor. Particularly, the letter stated that an appeal from the Regional Director's dismissal should be filed by the close of business September 16, 1974. Plaintiff did not appeal the Regional Director's dismissal of the petition. Instead, on September 13, 1974, plaintiff filed the instant suit.

Plaintiff contends that the National Labor Relations Board has no right or power to force plant guards to be represented by any company-wide labor organization and that when the Regional Director dismissed Geruschat's petition for decertification, he was acting in direct contravention of § 9(b)(3) of the National Labor Relations Act, 29 U.S.C. A. § 159(b), which provides in pertinent part as follows:

> The Board shall decide in each case . . . the unit appropriate for the purposes of collective bargaining . . . Provided, That the Board shall not
>
> (3) decide that any unit is appropriate for such purposes if it includes, together with other employees, any in-

dividual employed as a guard to enforce against employees and other persons rules to protect property of the employer or to protect the safety of persons on the employer's premises; but no labor organization shall be certified as the representative of employees in a bargaining unit of guards if such organization admits to membership, or is affiliated directly or indirectly with an organization which admits to membership, employees other than guards.

In dismissing the decertification petition, the Regional Director of the National Labor Relations Board relied on the contract bar rule of the Board. Simply stated, this rule precludes the filing of a petition for an election involving employees covered by a contract of no more than three years duration unless the petition is filed more than sixty days but not more than ninety days prior to termination of the existing contract. Here the decertification petition was filed on July 31, 1974, one day prior to the termination of the contract, and thus was untimely under the contract bar doctrine. The contract bar doctrine is not statutorily mandated, but is one which can be applied by the Board to lend stability and fairness to a contract. See Confederated Independent Union v. Rockwell Standard Co., 465 F. 2d 1137 (3d Cir. 1972). By dismissing plaintiff's petition, the Regional Director simply left standing the existing contractual unit which is comprised of guards and represented by a union which represents guards and nonguards.

The Court perceives no violation of § 9(b)(3) of the National Labor Relations Act by the application of the contract bar rule in this factual setting, and thus the principle enunciated in Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), to the effect that judicial relief may be granted where the National Labor Relations Board has acted in contravention of a clear and specific mandate has no present application. This is especially true since it is doubtful that plaintiff, which by stipulation is affiliated with the United Steelworkers of America, a labor organization which admits as members both guard and non-guard employees, could be certified in view of the proscription of 9(b)(3) that "no labor organization shall be certified as the representative of employees in a bargaining unit of guards if such organization admits to membership, or is affiliated directly or indirectly with an organization which admits to membership, employees other than guards." In view of the foregoing, defendants' motions for summary judgment should be granted.

An appropriate Order is entered.

### ORDER

And now, this 14 day of January, 1975, defendants' motions for summary judgment are hereby granted, and the proceeding is dismissed with prejudice.