**LORAIN DIVISION, KOEHRING COMPANY, Plaintiff,**

v.

**Douglas D. WALLDORFF, Acting Director, Region 10, National Labor Relations Board, Defendant.**

**No. CIV–1–81–270.**

United States District Court, E. D. Tennessee, S. D.

Aug. 28, 1981.

On Motion For Stay Sept. 17, 1981.

Frank P. Pinchak, Humphreys, Hutcheson & Moseley, Chattanooga, Tenn., for plaintiff.

Margery E. Lieber and Robert I. Tendrich, William E. Caldwell, Reg. Atty., N.L.R.B., Atlanta, Ga., for defendant.

## MEMORANDUM

### FRANK W. WILSON, Chief Judge.

This is an action for injunctive relief in which the plaintiff Company seeks an order from the Court requiring the defendant, the Acting Director of Region 10 of the National Labor Relations Board ("NLRB"), to hold an election among the plaintiff's employees to determine whether they wish to continue to be represented by the United Steel Workers of America. The case is before the Court upon the plaintiff's motion for a preliminary injunction (Court File # 6) and the defendant's motion to dismiss for lack of subject matter jurisdiction, or, alternatively, for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(1) and (6) of the *Federal Rules of Civil Procedure* (Court File # 8). A hearing upon these motions was held upon Friday, August 21, 1981. Both parties have filed briefs in support of their respective motions.

In ruling upon a motion to dismiss based upon the contention that the Court lacks jurisdiction or the contention that the plaintiff has failed to state a claim upon which relief can be granted, the Court must construe broadly and liberally the allegations of the plaintiff's pleadings, and accept them as true. 5 Wright & Miller, *Federal Practice and Procedure: Civil* §§ 1350 and 1357. The instant case being before the Court upon the complaint, the amended complaint, and the verified motion for temporary restraining order or, in the alternative, for a preliminary injunction, the Court must take as true the allegations contained therein.

### I—*Jurisdiction*

The following facts are alleged in the foregoing pleadings. The plaintiff, the Lorain Division of the Koehring Company, is a Wisconsin corporation having a place of business in Chattanooga, Tennessee. For several years, the plaintiff's production and maintenance employees in Chattanooga have been represented for collective bargaining purposes by the United Steel Workers of America (the "Union"). The collective bargaining agreement between the plaintiff and the Union covering these employees expired upon July 31, 1981. Prior to the expiration of that agreement, upon May 11, 1981, one of the employees in the bargaining unit, Mr. Harvey Allen Davis, filed a petition with the then Director of Region 10 of the NLRB seeking to decertify the Union as the employees' collective bargaining representative. This petition was signed by 192 of the employees in the bargaining unit, which number represented a majority of those employees. Subsequently, the plaintiff, the Union and Mr. Davis entered into a "Stipulation For Certification Upon Consent Election," which provided that a certification election, by secret

ballot, would be held upon July 10, 1981. This "Stipulation" was approved by the defendant upon June 15, 1981.

Upon July 7, 1981, the plaintiff was informed by telegram that the defendant was cancelling the election because Mr. Davis had requested that his petition for the decertification election be withdrawn. Upon July 8, 1981, the plaintiff filed the present action seeking an injunction requiring the defendant to conduct the decertification election and asserting jurisdiction under 28 U.S.C. § 1337. The matter was heard by District Judge Robert L. Taylor, sitting in Knoxville, and the plaintiff's motion was denied (Court File # 4). Also upon July 8, 1981, the plaintiff filed its own petition for a decertification election, being NLRB Case No. 10–RM–726. The petition was based upon the plaintiff's allegedly good faith doubt that the Union enjoyed majority status among its employees. Thereafter, the defendant advised the plaintiff that the July 8, 1981, petition would be dismissed as being filed in an untimely manner under the NLRB's "Contract Bar" Rule.[1] The plaintiff filed a subsequent petition for decertification election upon August 3, 1981, being NLRB Case No. 10–RM–728. The defendant has dismissed this petition for the reason that he has concluded that the plaintiff does not possess a good faith doubt as to the Union's majority status. According to the plaintiff, the defendant has not explained his reasoning in reaching this conclusion and has refused to do so.

Section 9(c)(1)(B) of the Wagner Act, 29 U.S.C. § 159(c)(1)(B), provides, in relevant part, as follows:

"Whenever a petition shall have been filed, in accordance with such regulations as may be prescribed by the Board—

\* \* \* \* \* \*

"(B) by an employer . . .

"the Board shall investigate such petition and if it has reasonable cause to believe that a question of representation affecting commerce exists shall provide for an appropriate hearing upon due notice. Such hearing may be conducted by an officer or employee of the regional office, who shall not make any recommendations with respect thereto. If the Board finds upon the record of such hearing that such a question of representation exists, it shall direct an election by secret ballot and shall certify the results thereof."

There appears to be no dispute between the parties with regard to the rule that when an employer files a petition for a decertification election supported by objective evidence that the employer has a good faith doubt as to the majority status of the collective bargaining representative among the employees in the bargaining unit, the procedures outlined in Section 9(c) of the Act are mandated. See 29 U.S.C. § 159(c)(1)(B); *U. S. Gypsum Co.*, 157 NLRB 652, 61 LRRM 1384 (March 11, 1966). The plaintiff contends that, in dismissing the plaintiff's petition for a decertification election filed upon August 3, 1981, without explanation and in the face of the defendant's own stipulation that a majority of the employees in the bargaining unit had signed the original petition for a decertification election, the defendant has illegally refused to perform his obligations under Section 9(c)(1)(B) of the Wagner Act. The plaintiff further contends that the defendant's summary rejection of its petition without notice and opportunity to be heard was a violation of the plaintiff's constitutional rights to procedural due process. Finally, the plaintiff contends that, unless a decertification election is held and the appropriate bargaining representative is determined, it will suffer irreparable harm by being compelled to risk either violating Section 8(a)(2) of the Act, 29 U.S.C. § 158(a)(2),

---

1. The "contract bar" rule provides that petitions for the decertification of a collective bargaining representative may be filed only during a 30-day interval if there exists a collective bargaining agreement between the union and the employer. Such petitions may be filed only during the 30-day period prior to 60 days before the expiration of the agreement. An exception to the rule exists in that a petition may be filed at any time that another petition, timely filed, is still pending.

by bargaining with a union that is later determined not to have majority status, or violating Section 8(a)(5), 29 U.S.C. § 158(a)(5), for its refusal to recognize and bargain with a majority status union.

Upon this state of the record, the defendant relies upon its motion to dismiss as its only ground for resisting the injunctive relief sought by the plaintiff.

■ Both parties agree that as a usual rule a federal district court does not have jurisdiction to review decisions of the NLRB in certification proceedings. *Boire v. Greyhound Corp.*, 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964); *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958). Rather, such decisions are subject to judicial review only in the Circuit Courts of Appeal. District court review of certification decisions has been permitted in only very narrow circumstances. In *Leedom v. Kyne, supra*, the Supreme Court held that a district court could intervene in a certification proceeding in order to "strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the Act." 358 U.S. at 188, 79 S.Ct. at 183, 3 L.Ed.2d at 214. In that case, the NLRB had certified as appropriate a bargaining unit that contained both professional and non-professional employees without first polling the professional employees to determine whether they objected to the inclusion of non-professionals in their unit. This was in direct violation of Section 9(b)(1) of the Act, 29 U.S.C. § 159(b)(1). The Supreme Court upheld the district court's judgment setting aside the NLRB's "attempted exercise of power that had been specifically withheld." 358 U.S. at 189, 79 S.Ct. at 184, 3 L.Ed.2d at 214. The Supreme Court's decision in *Leedom v. Kyne, supra*, is not to be interpreted, however, as permitting plenary district court review of NLRB certification decisions "whenever it can be said that an erroneous assessment of the particular facts before the Board has led it to a conclusion which does not comport with the law. Judicial review in such

a situation has been limited by Congress to the Courts of Appeals. . . ." *Boire v. Greyhound Corp., supra*, 376 U.S. at 481–82, 84 S.Ct. at 898–99, 11 L.Ed.2d at 855. In order for the Court to have jurisdiction over the instant case, therefore, the plaintiff must have asserted a claim that falls within the very narrow exception created by the Supreme Court in *Leedom v. Kyne*.

This Court, *per* Judge Taylor, has already determined that the defendant was justified in concluding that no question of representation existed on Mr. Davis' petition for a decertification election once he withdrew that petition, and that the defendant did not abuse his discretion by cancelling an election on that petition without a hearing.

■ With regard to the defendant's decision to dismiss the plaintiff's July 8, 1981, petition for a decertification election because it was "untimely" within the meaning of the "contract bar" rule, the Court notes that the Congress has left to the NLRB broad discretion in its handling of representation matters, including questions of contracts as bars to elections. *Confederated Independent Unions v. Rockwell-Standard Co.*, 465 F.2d 1137, 1141 (3rd Cir. 1972); *McLeod v. Local 476, United Brotherhood of Industrial Workers*, 288 F.2d 198 (2nd Cir. 1961); *National Biscuit Division v. Leedom*, 265 F.2d 101 (D.C.Cir.1959), *cert. denied*, 359 U.S. 1011, 79 S.Ct. 1151, 3 L.Ed.2d 1037 (1959). *See specially, Local Union 3074, District 15, United Steel Workers v. Shore*, 386 F.Supp. 600 (W.D.Pa.1974)[2]. In view of the broad discretion permitted the defendant in the application of the "contract bar" rule, the Court cannot say that the defendant's decision to dismiss the plaintiff's July 8, 1981, petition was "in excess of its delegated powers and contrary to a specific prohibition in the Act," *Leedom v. Kyne, supra*, 358 U.S. at 188, 79 S.Ct. at 183, 3 L.Ed.2d at 214, so as to confer jurisdiction upon this Court to intervene in the Board's decertification processes. *Confederated Independent Unions v. Rockwell-Standard Co., supra; Local*

**2.** The plaintiff has recognized that the defendant has wide discretion in the application of the

"contract bar" rule. *See* Amendment to Complaint, ¶ 21(A), Court File # 5.

*3074, District 15, United Steel Workers v. Shore, supra.*

However, as previously noted, the plaintiff filed a further petition for a decertification election upon August 3, 1981, being NLRB Case No. 10–RM–728. That petition was filed after expiration of the collective bargaining agreement between the plaintiff and the Union. It accordingly did not run afoul of the "contract bar" rule. In support of its asserted good faith belief that the Union did not represent a majority of its employees, the plaintiff relied upon the defendant's stipulation that a majority of the plaintiff's employees had signed the original petition for decertification. As mentioned above, the defendant does not contest the plaintiff's assertion that the procedures of Section 9(c) of the Act come into play once the employer provides objective evidence of its good faith doubt of the Union's majority status. The defendant, according to the pleadings filed by the plaintiff, dismissed the August 3, 1981, petition, refusing to process the petition upon the grounds that the defendant has concluded upon some *ex parte* and undisclosed basis that the plaintiff does not have the requisite good faith doubt as to the Union's majority status. This decision, according to the plaintiff, was made without a hearing and without an explanation to the plaintiff by the defendant. Based upon the foregoing allegations, which must be taken as true, the Court concludes that the Board's action in dismissing the plaintiff's petition for a certification election, filed upon August 3, 1981, was clearly in violation of his obligations under Section 9(c)(1)(B) of the Act to provide for a hearing upon the question of representation. The defendant had received a petition for decertification, and the plaintiff had presented objective evidence to create a question of proper representation. Under the Act and under the circumstances of this case, this was sufficient to trigger the defendant's obligations under Section 9(c)(1)(B). Instead, the defendant dismissed the petition without the hearing required by that code section and without a subsequent determination that no question of representation existed. Because the defendant clearly violated a mandate of the Act, the Court concludes that it has jurisdiction under the exception stated by the Supreme Court in *Leedom v. Kyne*, to hear and determine the plaintiff's claim for relief.

## II—*The Motion for Injunctive Relief*

Rule 65 of the *Federal Rules of Civil Procedure* authorizes a federal court to issue a preliminary injunction to protect a plaintiff from irreparable harm and to preserve the Court's power to adjudicate a controversy before it is rendered moot by the conduct of one or more of the parties. Four primary factors are considered in determining whether such injunctive relief should issue:

(1) the significance of the threat of irreparable harm to the plaintiff if the injunction is not granted;

(2) the state of the balance between this harm and the injury that granting the injunction would inflict on the defendant;

(3) the possibility that plaintiff will succeed on the merits; and

(4) the public interest.

11 Wright & Miller, *Federal Practice and Procedure: Civil* § 2948.

The Court is of the opinion that unless the defendant is compelled to promptly perform his obligations under Section 9(c)(1) of the Act, the plaintiff would suffer irreparable harm in that it could be in a position of either violating Section 8(a)(2) of the Act if it bargains with a non-majority status union, or violating Section 8(a)(5) of the Act for its refusal to recognize and bargain with a majority status union. In view of the fact that this is an obligation placed upon the defendant by statute, the Court is of the opinion that no injury would be inflicted upon the defendant by granting such relief. As can be seen by the foregoing discussion, the Court is of the opinion that the plaintiff has successfully stated a claim that the defendant has violated the Act.

With regard to the final factor to be considered in determining whether preliminary injunctive relief should be granted, *i.*

e., the public interest, naturally the public interest is served when the defendant performs obligations imposed upon him by statute. Accordingly, the Court is of the opinion that the plaintiff's motion for a preliminary injunction should be granted.

### III—*Appropriate Relief*

When an appropriate petition is filed with the NLRB, it is obligated under Section 9(c)(1)(B) to

" . . . investigate such petition and if it has reasonable cause to believe that a question of representation affecting commerce exists shall provide for an appropriate hearing upon due notice."

A hearing may be conducted by the Regional Office, and the Board thereafter. If the Board determines that a question of representation exists upon a review of the record of the hearing, it must direct that an election by secret ballot be held. The plaintiff has requested that the Court order the defendant to conduct a decertification election. The Court notes, however, that Section 9(c)(1)(B) does not authorize the defendant to direct such an election. Under the statute, the defendant may conduct a hearing, but only the Board itself may direct a decertification election if it finds upon a record of the hearing held by the Regional Office that a question of representation exists. Accordingly, the Court is of the opinion that the appropriate relief would be to require the defendant to conduct the hearing required by Section 9(c)(1)(B) and to require the Board thereafter to determine whether a question of representation exists. If such a question is found, the Board shall direct an election.

Accordingly, the motion filed on behalf of the defendant seeking to dismiss the plaintiff's complaint in this case for lack of subject matter jurisdiction, or, alternatively, for failure to state a claim upon which relief can be granted will be denied. The motion for a preliminary injunction, filed on behalf of the plaintiff, will be granted, and the defendant will be directed to promptly and expeditiously conduct a hearing and take further appropriate action as required by Section 9(c)(1)(B) of the Wagner Act, 29 U.S.C. § 159(c)(1)(B).

The action of the Court herein having been taken pursuant to a motion for a preliminary injunction, the order entered hereon will not be a final order unless the parties agree or stipulate to its entry as a final order. Otherwise, further proceedings will be had pursuant to applicable procedural rules. Either party may request an expedited final hearing, in which event a final hearing will be promptly scheduled. In the meanwhile, the defendant will be expected to act expeditiously in accordance with the injunction granted.

An appropriate order will enter.

### ON MOTION FOR STAY

This is an action for injunctive relief in which the plaintiff Company seeks an order from the Court requiring the defendant, the Acting Director of Region 10 of the National Labor Relations Board (NLRB) to hold an election among the plaintiff's employees to determine whether they wish to continue to be represented by the United Steelworkers of America. A hearing was held upon August 21, 1981 upon the plaintiff's motion for a preliminary injunction and the defendant's motion to dismiss. By order dated August 28, 1981, the Court granted the plaintiff injunctive relief requiring that the defendant reinstate and promptly process the plaintiff's decertification petition pursuant to the requirements of Section 9(c)(1)(B) of the Wagner Act, 29 U.S.C. § 159(c)(1)(B).

Since the granting of the preliminary injunction the defendant has filed a Notice of Appeal (Court File # 13) and a motion seeking a stay of the preliminary injunction pending the appeal (Court File # 12). The plaintiff has likewise filed a Notice of Appeal (Court File # 20), a motion seeking further relief (Court File # 14), and a motion seeking to have the defendant cited for contempt (Court File # 17). A hearing upon the foregoing pending motions was held upon September 11, 1981. At the conclusion of the hearing the Court found the defendant to have been in contempt of the preliminary injunction issued upon August

28, 1981, but reserved a ruling with regard to the imposition of sanctions and with regard to the defendant's motion to stay enforcement of the injunction.

Having now considered further the defendant's motion for a stay of enforcement of the preliminary injunction, the Court is of the opinion that it should reconsider its order granting the temporary injunction in this case. As noted in the Court's prior memorandum granting the temporary injunction (Court File # 9), at the time of the August 21, 1981 hearing this case was presented to the Court by the defendant upon a motion to dismiss. It now appears that in support of its motion to dismiss the defendant relies not upon a lack of sufficiency in the allegations of the plaintiff's complaint, but rather relies upon a telegram under date of August 19, 1981 advising the plaintiff that it was dismissing the plaintiff's representation petition pending the processing of unfair labor practice charges which the defendant had decided to file against the plaintiff. (It is further represented in the defendant's motion seeking a stay that under date of August 28, 1981 the defendant did in fact file such an unfair labor practice complaint against the plaintiff.) It accordingly appears that the defendant's original motion, although practiced and treated as a motion to dismiss for failure of the complaint to state a cause of action, was in fact intended as a motion to dismiss for lack of jurisdiction or as a motion for summary judgment. It is accordingly appropriate for the Court to consider it as such pursuant to Rule 12(b)(1) and (6), *Federal Rules of Civil Procedure.*

■■■ Upon this state of the record it now appears unlikely that the plaintiff will be able to establish its jurisdictional claims in this lawsuit. It appears a well settled rule that the NLRB has the discretion to dismiss an employer's petition seeking a union decertification election during the pendancy of unfair labor practice charges against that employer. The validity of this "blocking charge" policy adopted by the NLRB has been judicially recognized and approved in a number of cases. *See Bishop v. NLRB,* 502 F.2d 1024 (5th Cir. 1974), *Pacemaker v. NLRB,* 260 F.2d 880 (7th Cir. 1958), *NLRB v. Trimfit of California,* 211 F.2d 206, 209 (9th Cir. 1953).

In summary, since it now appears that the NLRB may have dismissed the plaintiff's August 3, 1981 election petition in Case No. 10–RM–726 pursuant to a lawful exercise of its discretion under its "blocking charge" policy, it further appears unlikely that the plaintiff will be able to maintain its contention that this Court would have jurisdiction of this action under the principles laid down in *Leedom v. Kyne,* 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958).

The order granting a temporary injunction in this case will accordingly be set aside. Since the plaintiff has had no opportunity to respond to the defendant's motion to dismiss, when that motion is treated as a motion relying upon factual contentions in addition to those asserted in the plaintiff's complaint, the plaintiff will be allowed 15 days to make such response should it elect to do so. In the absence of such a response, the defendant's motion will be sustained as a motion to dismiss for lack of jurisdiction or for summary judgment and this lawsuit will stand dismissed.

An appropriate order will enter.